ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
NOV 14 2006
U.S. COURT OF FEDERAL CLAIMS

TMS ENVIROCON, INC.,

Plaintiff,

v.

Civil Action No. 06-772 C

THE UNITED STATES OF AMERICA,

Defendant.

# COMPLAINT

Plaintiff TMS ENVIROCON, Inc. [hereinafter "TMS"], by counsel, for its Complaint against defendant alleges as follows:

1. This suit arises from a Memorandum dated November 15, 2005, a copy of which is attached hereto as Exhibit 1, that was furnished to TMS as an alleged "final decision" of a contracting officer, with noted applicable appeal rights therein under the Contract Disputes Act, 41 U.S.C. § 601, *et seq.*, including to this Court. To the extent this correct, jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1491.

2. TMS is a certified small business that is a Virginia corporation whose principal office is located at 1108 Tidewater Drive, Norfolk, Virginia 23504, and is a licensed contractor.

3. Defendant is the United States of America, and by and through the Department of the Air Force contracted with TMS as described further elsewhere in this Complaint.

4. The subject public construction project, Contract No. F44600-01-C-0029 [hereinafter "Contract"], was awarded to TMS by Defendant, through the Department of the Air Force [hereinafter "Government" or "Air Force"].

5. The Contract relates to water main repairs, and related work, at Langley Air Force Base [hereinafter "Project"], as set forth more specifically in the Contract.

6. TMS subcontracted portions of the Contract work to IT Corporation. IT Corporation's rights and obligations under this subcontract were subsequently assigned to Shaw Environmental, Inc. [hereinafter "Shaw"] pursuant to Order entered April 25, 2002 by the United States Bankruptcy Court for the District of Delaware.

7. Shaw submitted a "Request for Equitable Adjustment" for alleged adjustments due for Government acts and omissions that Shaw alleged increased the Subcontract's cost and performance period [hereinafter "Shaw REA"]. The Shaw REA was submitted to TMS as a "pass-through" request for equitable adjustment pursuant to DFAR 252.243-7002, and included Shaw's certification for this as a request for equitable adjustment.

8. Shaw requested that TMS submit the Shaw REA to the Government for the Government's review, comment, and negotiation as Shaw's request for equitable adjustment respecting the Government's acts and omissions during Shaw's Contract performance that Shaw alleged to adversely affect Shaw's Subcontract costs and performance period.

9. Without taking position as to the merits of this requested subcontractor pass-through, TMS in accordance with Shaw's request, submitted the Shaw REA to the Government for review, comment, and negotiation by the Government.

10. At the Government's request, while taking no position as to the merits of Shaw's proposals as included in the Shaw REA, TMS subsequently furnished certification of the Shaw REA pursuant to DFAR 252.243-7002 so that the Government would consider the request for equitable adjustment, which the Government advised it would not otherwise do.

11. When submitted to the Government, the Shaw REA was submitted as a proposal for adjustment pursuant to DFAR 252.243-7002, and otherwise, and was not submitted as a claim or request for final decision under the Contract Disputes Act, or otherwise, and did not include the applicable certifications or requests required to effect a claim or final decision thereunder.

12. Rather, TMS expected the Government to review, comment, and negotiate the proposal, and had not even yet had the opportunity to address the mark-ups due TMS for this subcontractor pass-through proposal, which TMS otherwise would have done and been entitled to recover as part of any Contract adjustment due.

13. Despite this, unilaterally, by letter dated November 15, 2005 (Exhibit 1), the Contracting Officer, Winona Sewell Hall, provided a written Memorandum to TMS informing TMS that the Shaw REA that TMS had submitted on behalf of Shaw was "denied in its entirety."

14. This Memorandum (Exhibit 1) goes on to state that "This is the final decision of the Contracting Officer," and further advising as to TMS' applicable appeal rights respecting the same, including to this Court.

15. As noted above, TMS had not requested this alleged "final decision" nor had TMS submitted a certified claim respecting the Shaw REA to the Government, as required pursuant to the Contracts Dispute Act and other applicable law or regulation.

16. Given these facts, TMS questions jurisdiction under the Contract Disputes Act; however, to the extent jurisdiction does lie TMS files this protective appeal, which it timely filed within one year of TMS's receipt of the alleged final decision.

17. As detailed more particularly in the Shaw REA, Shaw asserts that its work was adversely and variously affected by Government acts and omissions as follows:

a. The Government's failure to disclose that the Contract documents, including the plans, were based on limited and outdated information.

b. The Government's provision of deficient and inaccurate Contract documents, including:

1) Incomplete data, inadequate site survey, and faulty design.

2) Unknown, unexpected, and undisclosed subsurface conditions, including as regards underground utilities, utility crossings, and other interferences and obstructions that were unidentified, mismarked, missed, and mislocated.

c. The Government's improper, untimely and inappropriate Contract management, including:

1) The Government's failure to timely address and resolve required modifications and related work requirements, which in turn variously delayed, suspended, and resequenced work.

2) The Government's failure to provide an approved material and equipment lay-down area from October 18, 2002 through November 19, 2002.

3) The Government's failure to timely determine work requirements, including work additions and de-scoping.

d. The Government's suspension, restriction, and resequencing of work.

e. The Government's requiring of additional excavation and backfilling.

f. Other design errors and omissions and engineering and construction changes to the Contract requirements.

18. To the extent Shaw's assertions are correct:

a. The Government is obligated to adjust the Contract's price and performance period commensurate with the time and money impacts respecting the same.

b. The Government's failure to adjust the Contract's price and performance period as requested in the Shaw REA is a breach of the Government's obligations, express and implied.

c. The Government's refusal to so adjust the Contract's price and performance period is a breach of the Government's Contract and warranties associated therewith.

d. The Government's refusal to so adjust the Contract's price and performance period is not justifiable, substantially or otherwise.

19. Alternatively, to the extent Shaw's assertions are correct, the Government's acts and omissions so materially altered the nature of the Contract as respected Shaw's work so as to constitute a "cardinal change" respecting the same, for which Shaw, through TMS, is entitled to the reasonable and just value of Shaw's resulting work, labor and materials.

20. The amount requested in the Shaw REA is $2,403,325.00. To the extent of the correctness of Shaw's assertions respecting the same, TMS is entitled to a reasonable markup on all such amounts determine justly due, including 10% field overhead, 10% profit, 5.5% G&A and 1% bond. Applying these markups the total amount in question is $3,098,644.17. The Government has neither paid nor agreed to pay these amounts.

21. The Complaint relates to the Shaw REA only, on a pass-through basis, and is not intended to address Contract or Project adjustments due TMS otherwise (all rights to which are expressly reserved by TMS ).

WHEREFORE, TMS ENVIROCON, Inc., by counsel, prays that the Contracting Officer be ordered to equitably adjust the contract price for the Shaw REA in the amount of at least

$2,403,325.00, or such other sum for the Shaw REA as shown as justly due, plus allowable markup thereon for TMS as the prime contractor, including 10% field overhead, 10% profit, 5.5% G&A and 1% bond, which when applied to the Shaw REA amount increases the applicable principal sum to at least $3,098,644.17, and that judgment thereupon be awarded herein, plus for interest on all sums awarded as provided by law, plus TMS' costs and attorney's fees incurred herein and with respect hereto, and plus all such other and further relief as the Court deems proper.

Done this date: November 12, 2006

TMS ENVIROCON, INC.

By: ______________________
Of Counsel

Neil S. Lowenstein
Vandeventer Black LLP
101 W. Main St., Suite 500
500 World Trade Center
Norfolk, VA 23510
(757) 446-8610
(757) 446-8670 (facsimile)
Email: nlowenstein@vanblk.com

**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS 1st FIGHTER WING**
**LANGLEY AIR FORCE BASE VA**

EXHIBIT
1

15 November 2005

MEMORANDUM FOR: TMS Envirocon, Inc
Attn: Mr. Mehul Shah
1108 Tidewater Drive
Norfolk, VA 23504

NOV 21 2005

FROM: 1 CONS/LGCC
74 Nealy Ave
Langley AFB VA 23665-2088

SUBJECT: Contract F44600-01-C-0029, MUHJ 01-0885, Repair Non Compliant Water Mains, Langley AFB; Subcontractor Request for Equitable Adjustment (REA)

1. This letter is to inform you that is REA submitted on behalf of your subcontractor Shaw Environmental, Inc is denied in its entirety.

2. This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference to decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedures for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

2. If you have any questions or concerns contact TSgt Bryan Meredith at (757)225-4726 or the undersigned at (757)764-2597.

WINONA SEWELL HALL
Contracting Officer

Cc: 1CES/CECN – Dan Porter

Certified Receipt
7004 1160 0001 5694 7825