IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TMS ENVIROCON, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-772C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Judge Baskir) |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegation in paragraph 3 that the defendant is the United States. The remainder of the allegations contained in paragraph 3 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent that they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that the plaintiff submitted a Form 1413 to the contracting officer that identified IT Corporation as a subcontractor. Admits the allegations contained in the second sentence of paragraph 6 to the extent that they are supported by the order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7. Defendant further avers that it is not clear what document plaintiff has referenced in paragraph 7.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. The allegations contained in paragraph 9 are conclusions of law,

and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except admits that various requests for equitable adjustment involving Shaw were submitted to the contracting officer by the plaintiff.

10. The allegations contained in paragraph 10 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except admits that the contracting officer required the plaintiff to provide a certification.

11. The allegations contained in paragraph 11 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 to the extent that they are supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent

that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent that they are supported by the Shaw REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. The allegations contained in paragraph 18 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is

required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in the first sentence in paragraph 20 to the extent that they are supported by the Shaw REA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20. The allegations contained in the second and third sentences of paragraph 20 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 20.

21. The allegations contained in paragraph 21 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies each and every allegation not previously admitted or otherwise qualified.

23. Denies that plaintiff is entitled to the relief requested in its wherefore paragraph, or to any relief whatsoever.

AFFIRMATIVE DEFENSES

Release

24. On October 3, 2006, Anne S. Ray was the controller for the plaintiff.

25. On October 3, 2006, Anne S. Ray executed a contractor's release form (copy attached as Exhibit 1000 to this answer) on behalf of the plaintiff.

26. On October 3, 2006, Anne S. Ray was authorized to execute a contractor's release form (copy attached as Exhibit 1000 to this answer) on behalf of the plaintiff.

27. Exhibit 1000 (attached to this answer) is a true and complete copy of the contractor's release form executed by Anne S. Ray on behalf of the plaintiff on October 3, 2006.

28. Exhibit 1000 reads, in part:

> the undersigned Contractor does, and by the receipt of said sum shall for itself, its successors and assigns, remise, release and forever discharge the Government, its officers, agents and employees of and from all liabilities, obligations and claims whatsoever in law and in equity under or arising out of said contract.

29. Exhibit 1000, the contractor release form, recited an obligation of

the United States to pay the plaintiff $4,262.73, plus interest, and recited previous payments in the amount of $4,258,675.60.

30. On January 10, 2007, the United States paid the plaintiff the $4,262.73 identified in the contractor release form (Exhibit 1000), plus $47.14 in interest, for a total of $3,309.87.

31. Exhibit 2000 (attached to this answer) is a true and complete copy of a record of the payment by the United States to the plaintiff on January 10, 2007, in the amount of $4,309.87.

32. In January 2007, the United States made a payment to the plaintiff in the amount of $4,309.87.

33. All claims alleged by the plaintiff in the complaint are barred by the doctrine of release.

34. Any and all claims by the plaintiff against the United States arising from contract No. F44600-01-C-0029 (the "contract") are barred by the doctrine of release.

Final Payment

35. The allegations set forth in paragraphs 24 through 32 are incorporated by reference.

36. All claims alleged by the plaintiff in the complaint are barred by

the doctrine of final payment.

37. Any and all claims by the plaintiff against the United States arising from the contract are barred by the doctrine of final payment.

Accord And Satisfaction

38. The allegations set forth in paragraphs 24 through 32 are incorporated by reference.

39. All claims alleged by the plaintiff in the complaint are barred by the doctrine of accord and satisfaction.

40. Any and all claims by the plaintiff against the United States arising from the contract are barred by the doctrine of accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

S/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

February __, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February __, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier