C

**Effective: November 18, 1997**

United States Code Annotated Currentness
Title 41. Public Contracts
Chapter 9. Contract Disputes (Refs & Annos)

**§ 605. Decision by contracting officer**

(a) Contractor claims

All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision. All claims by the government against a contractor relating to a contract shall be the subject of a decision by the contracting officer. Each claim by a contractor against the government relating to a contract and each claim by the government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim. The preceding sentence does not apply to a claim by the government against a contractor that is based on a claim by the contractor involving fraud. The contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor. The decision shall state the reasons for the decision reached, and shall inform the contractor of his rights as provided in this chapter. Specific findings of fact are not required, but, if made, shall not be binding in any subsequent proceeding. The authority of this subsection shall not extend to a claim or dispute for penalties or forfeitures prescribed by statute or regulation which another Federal agency is specifically authorized to administer, settle, or determine. This section shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud.

(b) Review; performance of contract pending appeal

The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal or suit is timely commenced as authorized by this chapter. Nothing in this chapter shall prohibit executive agencies from including a clause in government contracts requiring that pending final decision of an appeal, action, or final settlement, a contractor shall proceed diligently with performance of the contract in accordance with the contracting officer's decision.

(c) Amount of claim; certification; notification; time of issuance; presumption

**(1)** A contracting officer shall issue a decision on any submitted claim of $100,000 or less within sixty days from his receipt of a written request from the contractor that a decision be rendered within that period. For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

**(2)** A contracting officer shall, within sixty days of receipt of a submitted certified claim over $100,000--

**(A)** issue a decision; or

**(B)** notify the contractor of the time within which a decision will be issued.

**(3)** The decision of a contracting officer on submitted claims shall be issued within a reasonable time, in accordance

with regulations promulgated by the agency, taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor.

**(4)** A contractor may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer.

**(5)** Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter. However, in the event an appeal or suit is so commenced in the absence of a prior decision by the contracting officer, the tribunal concerned may, at its option, stay the proceedings to obtain a decision on the claim by the contracting officer.

**(6)** The contracting officer shall have no obligation to render a final decision on any claim of more than $100,000 that is not certified in accordance with paragraph (1) if, within 60 days after receipt of the claim, the contracting officer notifies the contractor in writing of the reasons why any attempted certification was found to be defective. A defect in the certification of a claim shall not deprive a court or an agency board of contract appeals of jurisdiction over that claim. Prior to the entry of a final judgment by a court or a decision by an agency board of contract appeals, the court or agency board shall require a defective certification to be corrected.

**(7)** The certification required by paragraph (1) may be executed by any person duly authorized to bind the contractor with respect to the claim.

(d) Alternative means of dispute resolution

Notwithstanding any other provision of this chapter, a contractor and a contracting officer may use any alternative means of dispute resolution under subchapter IV of chapter 5 of Title 5, or other mutually agreeable procedures, for resolving claims. The contractor shall certify the claim when required to do so as provided under subsection (c)(1) of this section or as otherwise required by law. All provisions of subchapter IV of chapter 5 of Title 5 shall apply to such alternative means of dispute resolution.

(e) Termination of authority to engage in alternative means of dispute resolution; savings provision

In any case in which the contracting officer rejects a contractor's request for alternative dispute resolution proceedings, the contracting officer shall provide the contractor with a written explanation, citing one or more of the conditions in section 572(b) of Title 5 or such other specific reasons that alternative dispute resolution procedures are inappropriate for the resolution of the dispute. In any case in which a contractor rejects a request of an agency for alternative dispute resolution proceedings, the contractor shall inform the agency in writing of the contractor's specific reasons for rejecting the request.

CREDIT(S)

(Pub.L. 95-563, § 6, Nov. 1, 1978, 92 Stat. 2384; Pub.L. 101-552, § 6(a), Nov. 15, 1990, 104 Stat. 2745; Pub.L. 102-572, Title IX, § 907(a)(1), Oct. 29, 1992, 106 Stat. 4518; Pub.L. 103-355, Title II, §§ 2351(a)(1), (b), (e), 2352, Oct. 13, 1994, 108 Stat. 3322; Pub.L. 104-106, Div. D, Title XLIII, §§ 4321(a)(6), (7), 4322(b)(6), Feb. 10, 1996, 110 Stat. 671, 677; Pub.L. 104-320, § 6, Oct. 19, 1996, 110 Stat. 3871; Pub.L. 105-85, Div. A, Title X, § 1073(g)(3), Nov. 18, 1997, 111 Stat. 1906.)

HISTORICAL AND STATUTORY NOTES

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.